UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JAMES KEE,<br><br>        Petitioner,<br><br>   v.<br><br>TERESA ROCHA, et al.,<br><br>        Respondents. | No.  2:93-cv-1312 LKK GGH P<br><br><br>ORDER |

On July 10, 2013, petitioner's wife filed a letter with the court, claiming that petitioner will be transferred to Donovan Correctional Facility, but that both he and Mrs. Kee have health issues, and that it is too far for her family to travel to visit him.  She also claims that he should have been released in 2012.

Petitioner's wife may not litigate any claims on behalf of petitioner because she has no standing to do so.  Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th Cir. 1982) (party must assert [his] own rights not those of third parties), citing Duke Power Co. v. Carolina Environmental Study Group, 438 U.S. 59, 80, 98 S. Ct. 2620, 2634 (1978); Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205 (1974).  Moreover, plaintiff is not a lawyer and may not represent her husband in this action.  McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (lay person lacks authority to appear as an attorney for others).  Petitioner, who was proceeding in this action pro se may proceed only on his own behalf.

1

1   Furthermore, this case is closed. This petition for writ of habeas corpus was denied on March 31, 1995 and judgment entered accordingly. The letter filed by petitioner's wife on July 10, 2013, (ECF. No. 18), does not appear to be one contemplated by the Federal Rules of Civil Procedure or the Federal Rules Governing § 2254 Cases. Therefore, this document will be placed in the file and disregarded.

Dated: October 1, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076